United States District Court
Southern District of Ohio
Western Division

Alfie Slone
15802 State Route 104 N
Chillicothe, Ohio 45601

   Plaintiff,

vs.

MIKE DEWINE,
77 South High Street
Columbus, Ohio 43215

DAVE YOST,
30 E. Broad Street
Columbus, Ohio 43215

PAUL J. GAINS
21 W. Boardman Street
Youngstown, Ohio 44503

 and

THE COUNTY PROSECUTOR
OF EACH OF OHIO'S 88
COUNTIES,

   Defendants.

CASE NO: 1:22CV003

J. COLE

M.J. LITKOVITZ

CIVIL COMPLAINT

## 42 U.S.C.S. §1983 CIVIL COMPLAINT

Jurisdiction of this court is hereby invoked pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331 (federal Question).

1. Each of the paragraphs set forth in this complaint incorporates all of the other paragraphs stated herein eliminating the need for repetitious restatement.

2. This is a civil action for injunctive relief and declaratory judgment brought pursuant to 42 U.S.C. §1983, challenging the constitutionality of a state law for the violation of rights secured under U.S.C.

§12101, et. seq., the First and Fourteenth Amendments to the Constitution of the United States, other provisions of the Constitution and laws of the United States, and similar provisions of the Ohio Constitution.

3. This civil action is brought to challenge State law as unconstitutional in its application against plaintiff and other defendants who have been singled out for an arbitrary disparate treatment and arbitrary exercise of power.

4. This action properly lies in the jurisdiction of this Court because at all times relevant to this action, Plaintiff and all Defendants were residents, citizens and/or officials of the State of Ohio.

## The Parties

5. Plaintiff Alfie Slone is confined in the custody and control of the State of Ohio, within the Department of Rehabilitation and Correction (DRC, hereinafter), and is currently housed at the Chillicothe Correctional Institution located in Chillicothe, Ohio.

6. Plaintiff was previously charged and tried in the Court of Common Pleas, Mahoning County, Ohio on charges of forcible rape, in violation of section 2907.02 of the Ohio Revised Code.

7. The defendants are public officials in and for the State of Ohio.

8. The defendant Mike DeWine is the Governor of the State of Ohio.

9. The defendant Dave Yost is the Attorney General for the State of Ohio.

10. The defendants Paul J. Gains and the other county prosecutors are the elected public attorneys of each of the 88 counties within the State of Ohio. Each of these 88 county prosecutors have the power and authority to charge criminal defendants in the name of the State of Ohio.

## Claim Number One

11. The Mahoning County Prosecutor, acting under color of state law, unconstitutionally charged plaintiff in the Mahoning County Court of Common Pleas with a violation of the general forcible statute rape of a person less than thirteen years of age, pursuant to section 2907.02 (A)(1) (b), of the Ohio Revised Code.

12. Under that section of Ohio law, it is illegal for a person to "engage in sexual conduct with another who is not the spouse of the offender...when the other person is less than thirteen years of age.

13. The prosecutor used a furthermore specification that the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.02.

14. Ohio statute defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

15. Ohio Revised Code Section 2907.02 is unconstitutional as applied to plaintiff, and other defendants singled out for this arbitrary exercise of power.

16. In plaintiff's case, the Mahoning County Prosecutor charged plaintiff with forcible rape under the premise that Plaintiff's step-parent relationship with the victim constitutes the element of force.

17. The victim in plaintiff's case was the daughter of plaintiff's girlfriend.

18. Ohio case law holds that the perpetrator's parental relationship to the victim may be proof of force when the victim is a child because the role of parent is an inherently authoritative one. *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E. 2d 304.

19. This application of 2907.02 is a clear arbitrary exercise of power that violates the separation of powers and due process clauses of both the United States Constitution and the Ohio Constitution.

20. There are two (2) other clear problems with the premise that parental authority constitutes force:

    a. The term "force," as defined by §2901.01(A)(1) ("any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.") has absolutely no ambiguity to it, and therefore was not open to judicial interpretation; and

    b. A specific Ohio law, §2907.03, already specifically prohibits such conduct and classifies that offense as sexual battery: "No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: (5) The offender is the other person's natural or adoptive parent, or stepparent, or guardian, custodian, or person in loco parentis of the other person." §2907.03(A)(5).

21. Ohio case law holds that "R.C. 2907.03 is unambiguous and conveys a clear and definite meaning; i.e., that a person is prohibited from engaging in sexual conduct with another where the offender is the other person's stepparent." *State v. Hargrove*, 1982 Ohio App. Lexis 14608, 1982 WL 4697 (Ohio App. 1 Dist.).

22. Ohio Revised Code section 2907.02 is therefore unconstitutional as applied to plaintiff, and other defendants who have been singled out for an arbitrary disparate treatment, based solely on their parental relationship with the victim, by the State's arbitrary exercise of power.

23. Ohio Revised Code Section 2907.02, as applied, irrationally imposes stricter penalties on persons based solely on their authoritative parental relationship, where the State does not have to prove the element of force, only the existence of an authoritative relationship, and that conduct is properly prohibited by another statute.

## Claim Number Two

24. Ohio Revised Code Section 2907.02, as applied, violates plaintiff's equal protection and due process rights under both the Ohio Constitution and the United States Constitution, insofar as the law is arbitrary, unduly oppressive, and not equally applied to all similarly authoritative relationships properly prohibited by Ohio Revised Code Section 2907.03.

25. The defendants, acting under color of state law, charged plaintiff, and other persons, with the general forcible rape statute arbitrarily based solely on the existence of a parental relationship with the victim in violation of the equal protection and due process clauses of both the United States Constitution and the Ohio Constitution.

26. This arbitrary disparate application of section 2907.02 of the Ohio Revised Code is being applied only to the parental relationships, singled out for the harsher punishment afforded by section 2907.02 and is not being equally applied to the other authoritative relationships that are likewise properly prohibited under section 2907.03 of the Revised Code.

27. Ohio's sexual battery statute, which specifically prohibits the conduct at issue, carries a mandatory prison term applicable to a felony of the third-degree, or a felony of the second-degree if the victim was under thirteen years of age at the time of the offense. §2907.03(B).

28. Under Ohio's general forcible rape statute, sexual conduct with a person under thirteen years of age is a felony of the first degree that carries penalty of life imprisonment or life without parole if force is used to commit the offense.

29. But the state holds that parental authority constitutes force, without having to prove the element of force to the jury, and such premise is only applied to the parental authority and not to the similar authority of other persons similarly situated.

30. Ohio Revised Code Section 2907.02, as applied, irrationally imposes stricter penalties on persons based solely on their authoritative parental relationship, where that same disparate treatment is not applied equally to other authoritative relationships.

## Relief Requested

31. Plaintiff seeks permanent injunctive and declaratory relief against the defendants, in their official capacities, prohibiting the defendants from enforcing section 2907.02 of the Ohio Revised Code in criminal cases in which the accused is alleged to have parental authority over the victim, unless actual force or threat of force is proven to the judge or jury.

32. Plaintiff request permanent injunctive and declaratory judgment that Ohio Revised Code section 2907.02 is unconstitutional as applied to persons charged or convicted in cases where the existence of an authoritative parental relationship is the only evidence presented to prove the element of force.

Dated this 30 day of December, 2021.

I declare under penalty of perjury the forgoing is true and correct to the best of my knowledge.

_Alfie Sloane_
Alfie Sloane

Alfie Sloane #512-471
CCI P.O. Box 5500
Chillicothe, Ohio 45601

INMATE MAIL
Chillicothe Correctional Institute
P.O. BOX 5500
Chillicothe, Oh 45601

COLUMBUS OH 430
29 DEC 2021 PM 7 L

Office of the Clerk
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 103
Cincinnati, Ohio 45202

45202-397699